CHARLES BALLANCE, plaintiff in error, *v.* JAMISON SAMUEL *et al.*, defendants in error.

*Error to Peoria.*

Where one of the joint makers of a contract dies, his executor or administrator is discharged at law; and an action can be maintained only against the survivor.

*Semble,* That the rule is different in relation to contracts which are joint and several.

Where a writ of attachment is sued out against two partners, and levied upon the real estate of one only, and he dies, the suit abates as to him, and cannot proceed as to the other defendant, for want of jurisdiction. Nor can a *scire facias* issue against the legal representatives of the deceased partner, because an action at law cannot be maintained against them and the survivor, as joint defendants.

Where the Circuit Court sustains a motion to dismiss an attachment against two partners, upon the ground that the property attached was the property of one of the defendants who has deceased, the Supreme Court will presume that sufficient evidence of that fact was produced, on the motion, unless the contrary appears. A party objecting to such motion for want of evidence of such fact, should spread the evidence upon a bill of exceptions, if he wish to avail himself of the objection in the appellate Court.

It is not error to dismiss a suit by attachment, against two defendants, upon motion,

where the defendant whose property was alone attached, has died, and the suit has abated as to him. *Sed quere,* Whether in such case a motion for an *alias* writ of attachment against the survivor, or against a garnishee, ought not to be sustained. Jurisdiction to hear and determine a cause, in a suit by attachment, where no appearance is entered by the defendant, is obtained only by the service of the writ.

THIS cause was heard in the Court below, at the April term, 1842, before the Hon. Thomas Ford. The plaintiff brought the cause to this Court by writ of error. The facts are sufficiently stated in the opinion of the Court.

CHARLES BALLANCE *pro se:*

E. N. POWELL and WM. F. BRYAN, for the defendants in error:

"In case of joint contracts, or by partners, if one of the parties die, his executor or administrator is discharged at law, and the survivor alone can be sued. 1 Chit. Plead. 57, note 99; Foster *et al. v.* Hooper's Adm'rs, 2 Mass. 572; Atwell's Adm'rs *v.* Milton, 4 Hen. & Mun. 253; Chandler's Ex'rs *v.* Neal's Ex'rs, 2 Hen. & Mun. 124; Braxton's Adm'rs *v.* Hilyard, 2 Mun. 49.

"So if one of several partners die, the action must be brought against the survivors. And if the executor of the deceased partner be joined, he may either plead the survivorship in bar, or give it in evidence, under the general issue. Collyer on Part. 427; Gow on Part. 172.

"If the contract be several, or joint and several, the executor of the deceased may be sued in a separate action. 2 Burr, 1190. But he cannot be sued jointly with the survivor, because one is to be charged *de bonis testatoris,* and the other *de bonis propriis.* 1 Chit. Plead. 57; Carth. 171; 2 Lev. 228; 2 Vin. Abr. 67–70.

"The twenty-second section (1) of the *'Act concerning Attachments,'* only authorizes such proceedings as the plaintiff has instituted, 'where the cause of action would survive to the executor or administrator.' Here, in this case, the executor or administrator of Churchill Samuel were discharged at law, and the suit could not be revived by *scire facias.* It never could have been the intention of the legislature to change the rights and liabilities of parties in such cases. The plaintiff has clearly misconceived the law, in issuing the *scire facias,* and the Court below did right in quashing it; for, if the suit had proceeded, the judgments against the parties would necessarily have to be different, and there would clearly be a misjoinder of action."

TREAT, Justice, delivered the opinion of the Court:

This was a proceeding by *attachment,* instituted in the Peoria Circuit Court, by Ballance against Jamison Samuel and Churchill

(1) R. L. 91; Gale's Stat. 71.

Ballance *v.* Samuel *et al.*

Samuel, non-residents of this State. The declaration is in assumpsit, on a bill of exchange drawn on, and accepted by Samuels, as partners. Notice of the pendency of the proceeding was given by publication, and the writ of attachment was levied on certain real estate. At the succeeding term, it was suggested by the defendants' counsel, and admitted by the plaintiff, that Churchill Samuel had died, subsequent to the commencement of the suit, and an order was made by the Court; that the suit proceed against his co-defendant, Jamison Samuel, as survivor. A motion was then made to dismiss the suit, on the ground that the Court had no jurisdiction, the real estate attached being the sole property of Churchill Samuel. A continuance was had, without a decision of the motion. Subsequently, and in vacation, the plaintiff filed an affidavit, showing the non-residence of the widow and heirs of Churchill Samuel, and a *scire facias* was issued against them, and notice thereof given, by publication. At the ensuing term, the defendants' counsel moved the Court to quash the *scire facias*, and the motion was sustained. The motion to dismiss, for want of jurisdiction, was then heard and sustained, and judgment rendered against the plaintiff for costs. To reverse this judgment, he prosecutes a writ of error, and the decision of the Court, in quashing the *scire facias* against the heirs of Churchill Samuel, and in dismissing the suit as against Jamison Samuel, are assigned for error.

The twenty-second section of the attachment act, (1) provides, that suits by attachment shall not abate by the death of either party, where the cause of action survives to the executor or administrator, but the death being suggested on the record, the cause shall proceed under the following regulations : Where the plaintiff dies, his executor or administrator may, within three months after obtaining letters testamentary, or of administration, cause a *scire facias* to be issued, giving notice of his intention to become a party to the suit, and upon proof of publication thereof, he may be made a plaintiff to the suit, which is thereafter to be prosecuted in his name. Where the defendant dies, a *scire facias* may issue, after the expiration of two months, to his legal representatives, notifying them of the pendency of the attachment, and of the intention of the plaintiff to proceed with the case, and upon proof of the publication thereof, the plaintiff is authorized to proceed with the attachment, as if such death had not taken place. Under this provision of the statute, the plaintiff in attachment cannot proceed by *scire facias*, to revive the suit against the representatives of the deceased defendant, unless the cause of action survives to his executor or administrator. The point presented by the first assignment of error, therefore, depends upon the enquiry, whether the cause of action, in the present case, survived against the personal

(1) R. L. 91; Gale's Stat. 71.

representatives of Churchill Samuel. A reference to a few well recognised principles of the law, will fully determine the question. In the case of joint contracts, where one of the parties dies, his executor or administrator is discharged at law, and the surviving joint contractor can alone be sued. So, in cases of partnership, if one of the partners die, the action must be brought against the survivor. Upon the dissolution, by death, the surviving partner is alone liable to be sued at law, he being entitled to the whole of the effects of the firm, and responsible to the creditors for all of the demands against it. If the creditors of the firm seek to reach the assets of the deceased partner, they must resort to equity. The rule, however, is different in relation to contracts that are several, or joint and several. In such cases, the executor or administrator is suable in a separate action, but cannot be joined with the survivor, for the reason, that one is to be charged in his own right, the other in the right of his testator or intestate. The judgment cannot be joint, because one is liable personally, the other in his representative capacity, to the extent of assets in his hands. (1) In this case, the action did not survive, as against the representatives of Churchill Samuel, but could only be prosecuted against the surviving partner, and the Court decided correctly in quashing the *scire facias*, as having improperly issued.

It remains to be considered, whether the Court erred in dismissing the attachment as to Jamison Samuel. This question may be satisfactorily determined, by reference to the thirteenth and nineteenth sections of the attachment act, which regulate the judgment and the proceedings on the execution. The thirteenth section provides, that where the attachment shall be returned executed, and the estate attached shall not be replevied, or defence made, the plaintiff shall be entitled to judgment for his whole debt and costs, and execution shall issue as in other cases of debt. Although the judgment is in form against the defendant, still it is only regarded as a judgment *in rem ;* for, by the nineteenth section, no execution can issue on the judgment, except against the property on which the attachment was served, and against a garnishee who has money or property of the defendant in his hands. Where the defendant is not personally served with the writ of attachment, and fails to enter his appearance to the action, the Court cannot hear the cause, and render judgment against him, without service of the attachment on his property, or on a garnishee who is charged with having property in his possession belonging to the defendant, or with being indebted to him. It is this service which gives the Court jurisdiction to hear and determine the cause. Without it, the Court has no more jurisdiction than in the ordinary action by summons, where the defendant is not served with the process. The Court can only act by dismissing or continuing the cause. In this case,

(1) 1 Chit. Plead. 57 ; Gow on Part. 172; 3 Kent's Com. 63.

a motion was made to dismiss the suit, because no service of the attachment was made, on the property of Jamison Samuel, who was the sole defendant, after the death of Churchill Samuel. The Court sustained the motion, and in the absence of any proof to the contrary, we are bound to presume, upon testimony showing that the property attached was the individual property of Churchill Samuel. It may have been shown, on the hearing of the motion, by incontrovertible evidence, that the property in question was the sole property of the deceased defendant. If the Court decided the motion, without evidence, or upon insufficient evidence, it was the duty of the plaintiff to have tendered his bill of exceptions, and spread the facts on the record. A party who complains that a decision is against evidence, should have the testimony incorporated in the record, so that the appellate Court may determine whether the decision is erroneous or not. Upon the facts presented in the record, we cannot say the Court erred in dismissing the attachment. If the plaintiff had asked for an *alias* attachment, or for process against a garnishee, it might have been the duty of the Court, to have ordered it, and continued the cause; but it does not appear that he made any such application.

The judgment of the Circuit Court is affirmed with costs.

SCATES, Justice, delivered the following separate opinion:

I concur in all the resolutions of the Court, except the last, affirming the decision of the Court below, in sustaining the motion to dismiss for want of jurisdiction. Jamison Samuel had a right to enter half appearance, to object to the sufficiency of the service as to himself, which he did, and sustained, by showing that the property levied on did not belong to him, and that for want of a levy, or service on a garnishee, the publication of notice of the pendency of the suit was not such a service as would entitle the plaintiff to proceed. Having done this, he was not in Court, and had no right to make any other motion, without entering some appearance. In the order of pleading, the first plea would be to the jurisdiction of the Court. (1) But for this purpose, he must admit or waive service of notice. The actual personal service of the attachment would supersede the necessity of service by levy and publication, and the suit would proceed as an ordinary one. (2) The defendant cannot, therefore, appear and plead to the jurisdiction a want of service, when he waives service by that very appearance. If, then, by the appearance to make the plea, he remove the grounds of the plea, it was error in the Court to sustain it. It would also be erroneous for the Court, of its own mere motion, to nonsuit a plaintiff before service, actual, or constructive, if he was not in default in prosecuting his suit.

Again, there is no distinction, as to the jurisdiction of the Court

(1) 1 Chit. Plead. 474.          (2) R. L. 82; Gale's Stat. 63, § § 1, 7.

before service, between actions in which actual or constructive service is to be made. In neither would the jurisdiction to entertain the suit, be ousted by a failure, inability, or neglect to serve the process. In both the service is indispensable, to give the Court jurisdiction to proceed to adjudicate. Whether, therefore, the motion or plea to the jurisdiction is a waiving of service by appearance, or not, the Court had jurisdiction over the cause of action to award other process to obtain service, so as to give it jurisdiction over the person or property. (1) A contrary doctrine would enable a defendant in any suit, before service, to come in and dismiss it on the same ground, for want of jurisdiction.

I am, therefore, of opinion that the judgment below, dismissing the suit for want of jurisdiction, ought to be reversed.

*Judgment affirmed.*